## Thompson Estate

*Clark, Ladner, Fortenbaugh & Young*, for accountant.
*Paul Maloney*, for trustees.

SHOYER, J., April 29, 1968.—George Lee Thompson, "husband" settlor, by deed of trust dated January 22, 1910, a copy of which is hereto annexed, transferred his therein enumerated assets to a named trustee, in trust, to pay the income therefrom not exceeding $5,000 annually and after divorce, $4,000 annually, to his wife Julie P. Thompson (coparty to the agreement of trust), during her life or until her remarriage, and upon her death or remarriage "to deliver" the principal to the "husband" settlor, or, if he be then deceased "to

such person or persons as may be named in the Last Will and Testament of the said Husband".

The trust terminated by reason of the death of Julie P. Thompson on April 15, 1967. She left a will upon which letters of administration c. t. a were issued to the Fidelity Bank.

George Lee Thompson, settlor, died September 15, 1922, and his testamentary estate was administered by this court bearing October term 1922, no 871. By his will, a copy of which is hereto annexed, he gave his residuary estate, specifically including his interest in this deed of trust, to his trustees, to pay the income to his sister, Annie Augusta Thompson, later Anne Chew who died in 1950 and gave his sister power of appointment by will.

Anne Chew died March 19, 1950, leaving a will, a copy of which is attached, whereby she divided her residuary estate, expressly including the estate over which she had power of appointment under the will of her brother, George Lee Thompson, into as many equal parts as she had children surviving her (five) and children who had predeceased her leaving issue surviving her (none), and she gave one such equal share to each of her three sons, Benjamin Chew, Jr., Samuel Chew and John Thompson Chew, outright, and gave two such equal shares to her son, John Thompson Chew, and Girard Trust Company, to pay the income from each share to one of her daughters, Ann C. Barringer and Elizabeth Chew Bennett, for life, with remainder to her issue and cross remainders to the other issue of Anne Chew.

All five children of Anne Chew are living and are sui juris. Ann C. Barringer was born March 24, 1913; Benjamin Chew, Jr., was born May 10, 1914; Samuel Chew was born August 24, 1915; John T. Chew was born April 13, 1918; and Elizabeth Chew Bennett was born November 7, 1922.

Following the death of Anne Chew in 1950, the account of the trustees under the will of George Lee Thompson, deceased, was confirmed by an adjudication filed by Klein, J., dated October 25, 1950, which awarded one-fifth of that fund outright to each of Samuel Chew, Benjamin Chew and John Thompson Chew; awarded one-fifth to Girard Trust Company and John Thompson Chew, trustees for Ann C. Barringer under the will of George Lee Thompson as appointed by the will of Anne Chew, deceased; and awarded one-fifth to Girard Trust Company and John Thompson Chew, trustees for Elizabeth D. Chew under the will of George Lee Thompson, deceased, as appointed by the will of Anne Chew, deceased.

The accountant, in its statement of proposed distribution and notice to the parties in interest (there is no one in the office of personal representative of the estate of George Lee Thompson, deceased), has taken the position that the settlor had a reversionary interest in his deed of trust and not a power of appointment, and that therefore the time when the period allowed under the rule against perpetuities commences to run is the date of his death, i.e., September 15, 1922, by which time all children of Anne Chew were born or en ventre sa mere. The accountant therefore suggests that the vesting of the remainder interests in the issue of the daughters of Anne Chew will occur within the period provided by the rule against perpetuities. However, as the accountant very properly points out, the life estates in the two daughters of Anne Chew are vested, and the disposition of the remainders of these two shares is presently not before the court. The disposition of the ultimate remainder of these two shares must abide the expiration of the life estates . . .

And now, April 29, 1968, the account is confirmed nisi.